<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

<table>
<tr>
<td>

EDUARDO JOEL FREIRE QUINATOA,

Petitioner,

v.

PAMELA BONDI, *et al.*,
*Attorney General of the United States*

Respondents.

</td>
<td>

Civil Action No. 25-18978 (GC)

<u>**OPINION**</u>

</td>
</tr>
</table>

<u>**CASTNER, District Judge**</u>

**THIS MATTER** comes before the Court on the counseled petition (Petition) for a writ of

habeas corpus under 28 U.S.C. § 2241 (§ 2241) (ECF No. 1) filed by Petitioner Eduardo Joel Freire

Quinatoa.[1]  According to the Petition, Petitioner is a native and citizen of Ecuador, who is currently

confined as an immigration detainee in the District of New Jersey.  (*Id.* ¶¶ 7-8.)  Respondents

answered the Petition.  (ECF No. 4.)  Having considered the parties' submissions, the Court

decides this matter without oral argument.  *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b).  For the

reasons set forth below, the Petition is **DISMISSED in part** and **DENIED in part**.

I.      <u>**FACTUAL AND PROCEDURAL BACKGROUND**</u>

On May 2, 2022, Petitioner was lawfully admitted to the United States on an "I"

nonimmigrant visa, with authorization to stay until May 10, 2022.  (Pet. ¶ 12; ECF No. 4-1 at 2;

---

[1]      Petitioner names as Respondents: Todd M. Lyons, Acting Director, U.S. Immigration and
Customs Enforcement ("ICE"); John Tsoukaris, Field Office Director, ICE Newark; and Pamela
Bondi, the then-Attorney General of the United States.  (ECF No. 1 at 1.)

ECF No. 4-2 at 7.)  According to Petitioner, "[a]fter entering the United States, [he] later became involved in a motor vehicle matter, after which he was taken into ICE custody."  (ECF No. 1 ¶ 13.)  Petitioner allegedly filed an asylum application and participated in an asylum interview.  (*Id.* ¶ 14.)  In support of this allegation, Petitioner submits a copy of an I-589 Application for Asylum and for Withholding of Removal (with a submission date of January 10, 2023), an I- 797 Notice of Action granting him employment authorization from August 19, 2024 to August 18, 2029, a New Jersey birth certificate for Nasly Aitana Freire-Moreta, and a priority mail receipt indicating that an October 11, 2025 mailing was received by the Board of Immigration Appeals ("BIA") on October 14, 2025.  (*See* ECF No. 1-1.)

On July 10, 2025, Petitioner was arrested by ICE officers and was served with a Notice to Appear ("NTA") charging him as removable under 8 U.S.C. § 1227(a)(1)(B) because he remained in the United States for a time longer than permitted.  (ECF No. 1 ¶ 19; ECF No. 4-1 at 2.)  Petitioner has remained in immigration detention since this arrest.  (ECF No. 1 ¶ 19.)

On August 28, 2025, Immigration Judge ("IJ") Maria Akalski held a custody redetermination hearing.  (ECF No. 4-3 at 2.)  It appears that Petitioner was represented by counsel at this hearing.  (*Id.*)  The Department of Homeland Security submitted an I-213 Record of Deportable/Inadmissible Alien indicating that Petitioner had previously been arrested on November 22, 2023 for "the 'crime of 'Driving Under Influence Liquor' which resulted in a conviction on 06/11/2024."  (ECF No. 4-2 at 7.)  IJ Akalski denied release on bond on the grounds that Petitioner presented a danger to the community, persons, or property.  (ECF No. 4-3 at 2.)

On September 11, 2025, IJ Shana Chen found that, based on Petitioner's admissions and concessions that he is removable/inadmissible as charged in the NTA and that "he has made no application(s) for relief from removal under 8 C.F.R. § 1240.11."  (ECF No. 1-2 at 1.)

2

Accordingly, IJ Chen ordered Petitioner's removal.  (*Id.*)  It appears that Petitioner appeared *pro se* at the September 11, 2025 hearing.  (ECF No. 1 ¶ 16.)  Petitioner timely appealed the order of removal, and his appeal remains pending before the BIA.  (ECF No. 4 at 2.)

The counseled Petition was filed on December 23, 2025.  (ECF No. 1.)  On January 21, 2026, the Court ordered Respondents to file a full and complete answer to the Petition, which was filed on February 11, 2026.  (ECF Nos. 2 & 4.)

## II.    LEGAL STANDARD

Under 28 U.S.C. § 2241, habeas relief may be granted if an individual "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam).  "[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States.  U.S. Const., Art. I, § 9, cl. 2."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).  A habeas petitioner has "the burden of sustaining his allegations by a preponderance of evidence."  *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III.    DISCUSSION

Petitioner contends that he is "currently detained without lawful basis following an improper removal order entered without a merits hearing, while he was pro se, detained, and unable to meaningfully present his case."  (ECF No. 1 ¶ 2.)  According to Petitioner, the IJ ordered him removed based on the finding that no application for relief had been filed, even though he did file an asylum application.  (*Id.* ¶ 3.)  Petitioner asserts three grounds for relief: (1) Petitioner was denied due process under the Fifth Amendment where the IJ ordered his removal without a merits hearing despite the existence of a pending asylum application, and a removal order entered without a meaningful opportunity to be heard is constitutionally defective; (2) ICE lacks statutory authority to detain Petitioner where the underlying removal order is invalid, and continued detention without

3

a lawful order or hearing violates the Immigration and Nationality Act and applicable regulations; and (3) IJs have an affirmative duty to ensure that *pro se* detainees understand and can present their claims and that duty was not met here, rendering the proceedings fundamentally unfair. (*Id.* ¶¶ 21-26.) Petitioner asks the Court to order his immediate release from ICE custody or his release on reasonable bond; vacate the removal order entered without a merits hearing; and order that Petitioner be provided a full and fair immigration hearing adjudicating his asylum application on the merits. (*Id.* at 5.)

The Court agrees with Respondents that Petitioner's claims must be dismissed because this Court lacks subject matter jurisdiction to hear them or the claims are without merit. (*See* ECF No. 4.)

Petitioner challenges the removal order and the underlying removal proceedings. 8 U.S.C. § 1552(b)(9) "channels '[j]udicial review of all questions of law . . . arising from any action taken or proceeding brought to remove an alien from the United States' into a single petition for review filed with a federal court of appeals." *Khalil v. President, United States*, 164 F.4th 259, 265 (3d Cir. 2026) (per curiam). Courts "must ask: If not now, when? If the answer would otherwise be never, then § 1252(b)(9) poses no jurisdictional bar." *E.O.H.C. v. Sec'y United States Dep't of Homeland Sec.*, 950 F.3d 177, 186 (3d Cir. 2020). But "when aliens can get review later—by litigating before an immigration judge, the Board of Immigration Appeals, and then by way of a [petition for review] to a court of appeals—they must do so." *Khalil*, 164 F.4th at 274 citing *E.O.H.C.*, 950 F.3d at 180). Here, Petitioner's claims challenge his detention pursuant to "an improper [and invalid] removal order entered without a merits hearing [based on the factually incorrect finding that no applications for relief had been filed], while he was pro se, detained, and unable to meaningfully present his case." (ECF No. 1 ¶¶ 2-3.) Petitioner also asks this Court to

4

vacate the removal order based on these alleged deficiencies in the underlying removal proceeding. (*Id.* at 5.)  Such claims can be litigated before an IJ, the BIA, and, finally, by way of a petition for review filed with the Third Circuit (and, in fact, an administrative appeal from the removal order is currently pending before the BIA).  Because the claims are "not 'wholly collateral' to the removal process; they are 'inextricably linked' to it," *Khalil*, 164 F.4th at 274 (citation omitted), the Court lacks jurisdiction to consider them under § 1252(b)(9).

In addition, Petitioner's detention is lawful (and constitutional) under 8 U.S.C. § 1226(a), which provides for arrest and detention "pending a decision on whether the alien is to be removed from the United States."  "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention."  *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236(d)(1))).  A detained noncitizen may request a custody redetermination hearing (*i.e.*, a bond hearing) before an IJ.  *See* 8 C.F.R. §§ 236.1(d)(1), 1236(d)(1), 1003.19.  It is undisputed that Petitioner was provided a bond hearing before an IJ, at which he was represented by counsel.  (*See* ECF No. 4-3 at 2.)  IJ Akalski denied release on bond on the grounds that Petitioner was a danger to the community, persons, or property.  (*Id.*)

This Court does not have jurisdiction to review an IJ's discretionary decision to grant or deny bond; however, it may review whether a bond hearing was fundamentally unfair and thus violated the Due Process Clause of the Fifth Amendment.  *See Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. 2022) (not precedential).  "In a fundamentally fair bond hearing, due process has three essential elements. 'An alien: (1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests.'" *Id.* (alteration in original) (quoting *Kamara*

*v. Att'y Gen. of U.S.*, 420 F.3d 202, 211 (3d Cir. 2005)).  Petitioner does not establish that his bond hearing was fundamentally unfair under *Ghanem*.  In fact, Petitioner does not acknowledge that he was provided with a bond hearing before an IJ at which he was represented by an attorney.

Petitioner has been detained since July 10, 2025, and he suggests that his detention is "prolonged."   (*See* Pet. ¶ 20.)   However, Petitioner fails to show that his detention is unconstitutionally prolonged.  "Petitioner has been detained for approximately [nine] months, but duration alone cannot 'sustain a due process challenge by a detainee who has been afforded the process contemplated by § 1226(a) and its implementing regulations.'" *Marte Guillen v. Soto*, No. 26-3285, 2026 WL 1005326, at *2-3 (D.N.J. Apr. 14, 2026) (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 277 (3d Cir. 2018)).  In *Borbot*, the Third Circuit recognized that, even if a detainee is provided with a bond hearing, § 1226(a) detention "might become unreasonably prolonged, whether by virtue of government delay or some other cause." *Borbot*, 906 F.3d at 280.  "Borbot fails to identify a basis in the record to demonstrate that this is such a case," and accordingly the Third Circuit did not decide when, if ever, the Due Process Clause might entitle a noncitizen detained under § 1226(a) to a new bond hearing.  *Id.* (footnote omitted).  Likewise, Petitioner fails to identify a basis in the record indicating that his detention could be unreasonably prolonged.  Additionally, "Petitioner has been detained for significantly less time than the petitioner in *Borbot*, who had been detained for two years before filing his petition.  He also had a bond hearing a few months ago." *Marte Guillen*, 2026 WL 1005326, at *3.  Petitioner also is entitled to request a custody redetermination from an IJ upon a showing of changed circumstances. *See id.* at *3 n.1; *see also Chinoso Onuwa v. Field Office Dir.*, No. 26-2403, 2026 772435, at *2 (D.N.J. Mar. 19, 2026) ("In light of the available avenues for relief through that bond appeal or bond redetermination requests, and in light of the guidance provided by *Borbot*,

6

the Court finds that Petitioner fails to set forth an adequate basis upon which to find that his detention under § 1226(a) has become unduly prolonged sufficient to require relief beyond that Petitioner has already received." (footnote omitted).)

## IV.    **CONCLUSION**

For the reasons stated above, the Petition is **DISMISSED in part** and is **DENIED in part**. Petitioner's claims challenging the removal order, the underlying removal proceedings, and the IJ's discretionary determination to deny bond are **DISMISSED** for lack of subject matter jurisdiction.  Petitioner's remaining claims are **DENIED**.

An appropriate Order will be entered.

Dated: April 22, 2026

_____
**GEORGETTE CASTNER**
**United States District Judge**